**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

Respondent-Plaintiff,

v.

Eliseo Rodrigo Romo,

Petitioner-Defendant.

Criminal No. 24-10(4) (DWF/DLM)
Civil No. 26-2650 (DWF)

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

This matter is before the Court on Petitioner-Defendant Eliseo Rodrigo Romo's *pro se* motion to vacate under 28 U.S.C. § 2255. (Doc. No. 242.) The United States of America (the "Government") opposes the motion. (Doc. No. 249.) For the reasons set forth below, the Court denies the motion.

## BACKGROUND

Romo was charged with conspiracy to distribute methamphetamine and fentanyl on January 24, 2024. (Doc. No. 1.) The indictment alleged that Romo was subject to increased punishment under 21 U.S.C. § 851 because he had allegedly committed the instant offense within fifteen years of a prior conviction for conspiracy to distribute methamphetamine. (*Id.* at 3-4.) Early on, Romo communicated to counsel, Jill Brisbois, that he wanted to plead guilty to the new offense and avoid the § 851 enhancement. (Doc. No. 243 at 1.) Romo alleges that the Government agreed to these terms verbally, but Brisbois did not get a plea agreement finalized right away because she was working

on a state trial. (*Id.* at 1-2.) Brisbois later informed Romo that the Government would not agree to drop the § 851 enhancement. (*Id.* at 2.) Romo alleges that he told Brisbois not to inform the Government that he wanted to avoid the § 851 enhancement and that she informed them against his request. (*Id.* at 2.)

Nevertheless, on August 26, 2024, Romo pleaded guilty to the conspiracy and acknowledged that he was subject to the enhanced penalty under § 851. (Doc. No. 126 ¶ 6.) On December 11, 2024, the Court sentenced Romo to a 180-month prison term, the mandatory minimum, to be followed by ten years of supervised release. (Doc. No. 185.) Romo appealed the Court's sentencing decision to the Eighth Circuit. (Doc. No. 187.) The Eighth Circuit dismissed the appeal on March 26, 2025, finding that Romo had waived his right to appeal in his plea agreement and that that waiver was enforceable. (Doc. No. 216.) Romo is currently incarcerated at FCI Beckley with an anticipated release date of January 11, 2036. *Find an Inmate.*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Sep. 3, 2026). Romo now moves to vacate his sentence under § 2255, alleging ineffective assistance of counsel.

**DISCUSSION**

A federal prisoner may move to vacate, set aside, or correct their sentence on grounds that "the sentence was imposed in violation of the Constitution or laws of the United States," "the court was without jurisdiction to impose such sentence," "the sentence was in excess of the maximum authorized by law," or their sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If the court finds such a defect in sentencing, "the court shall vacate and set the judgment aside and shall

discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* § 2255(b).

A § 2255 request for relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). A defendant may not use a § 2255 motion to relitigate issues that were raised and decided on a direct appeal unless there was an intervening change in the law or newly discovered evidence. *English v. United States*, 998 F.2d 609, 613 (8th Cir. 1993). Additionally, a defendant may not raise issues that could have been raised on direct appeal unless they can show cause and actual prejudice, or that they are actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998).

To establish ineffective assistance of counsel, the defendant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defendant's case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Apfel*, 97 F.3d at 1076 (applying the *Strickland* standard to ineffective assistance of counsel claim under § 2255). Courts may address the prongs in any order and need not address both prongs if the defendant fails to meet their burden on one. *Strickland*, 466 U.S. at 697.

On the first prong, courts "consider counsel's performance objectively and gauge whether it was reasonable 'under prevailing professional norms' and 'considering all the circumstances.'" *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). Courts must be "highly deferential" and "indulge a strong

presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. On the second prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Romo makes five ineffective assistance of counsel claims: (1) failure to challenge the § 851 enhancement; (2) failure to challenge the application of the U.S.S.G § 3B1.1 role enhancement, which allegedly affected his safety-valve eligibility; (3) failure to object to the inclusion of acquitted conduct in the presentence investigation report; (4) failing to secure a better plea deal by informing the Government that he wanted to avoid the § 851 enhancement; and (5) failure to communicate and filing an appeal without consulting him on the contents or strategy. (Doc. No. 242.) None of these claims meet the *Strickland* standard.

First, any challenge to the application of the § 851 enhancement would have been meritless, so Brisbois was not ineffective on this ground. *See, e.g.*, *Dyer v. United States*, 23 F.3d 1424, 1426 (8th Cir. 1994) ("Dyer's claims of ineffective assistance of counsel fail because we have just rejected as meritless the claim Dyer asserts counsel should have pursued."). Second, even if Brisbois should have challenged the application of U.S.S.G § 3B1.1, Romo cannot show a reasonable probability that the result would have been different because he was not safety-valve eligible anyway due to his 2009 conspiracy to distribute methamphetamine conviction. (*See* Doc. No. 184 ¶ 55; 18 U.S.C. § 3553(f)(1) (safety-valve criteria).) Third, a court may consider acquitted conduct at sentencing,

*United States v. Chambers*, 878 F.3d 616, 622 (8th Cir. 2017), and even if further objections should have been made by Brisbois, Romo cannot show a reasonable probability that the result would have been different because he received the mandatory minimum. Fourth, Brisbois was not deficient in failing to secure a more favorable plea deal or informing the Government about Romo's desire to avoid the § 851 enhancement because a defendant has no right to a plea, *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977), and decisions about how to negotiate a plea is a matter of strategy best reserved for trained counsel, *see Strickland*, 466 U.S. at 689. Lastly, Romo has not shown any prejudice based on Brisbois's alleged failure to communicate with him or consult him regarding appeal strategy. Moreover, as with the fourth ground, matters of strategy like this one are reserved for counsel.

## EVIDENTIARY HEARING

A § 2255 motion can be dismissed without a hearing when: (1) the defendant's allegations, if accepted as true, would not entitle them to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Here, Romo's allegations, even when accepted as true, do not entitle him to relief as outlined above.

## CERTIFICATE OF APPEALABILITY

A defendant cannot appeal a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing requires showing that an issue is "debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Here, no issue raised is debatable among reasonable jurists. Therefore, no COA shall be issued.

**ORDER**

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner-Defendant Eliseo Rodrigo Romo's *pro se* motion to vacate under 28 U.S.C. § 2255 (Doc. No. [242]) is **DENIED**.

2. No evidentiary hearing is required in this matter.

3. No Certificate of Appealability will be issued to Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 8, 2026

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge